RAMÓN ORTIZ-QUINTANA, Plaintiff and Appellee, *v.* JUAN BAUTISTA DRAGONI, Defendant and Appellant.

No. 3920.    Argued June 11, 1926.—Decided July 20, 1926.

*F. B. Fornaris* for the appellant.    *Angel Fiol Negrón* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Ramón Ortiz Quintana brought this action praying for the rescission of a certain contract entered into by him with defendant Juan Bautista Dragoni and that the defendant be adjudged to pay to the plaintiff the sum of $250 and the costs. It was averred in the complaint that the defendant had obligated himself to purchase an urban property from the plaintiff on a certain date for the sum of $5,000, it having been agreed that if on the date fixed for the sale either of the contracting parties should fail to live up to the contract, he should pay to the other party the fixed amount of $250 and the costs, including attorney's fees.

The defendant did not answer and after the case was tried the lower court rendered judgment declaring the private option contract rescinded and adjudging that the defendant should pay to the plaintiff the sum of $250 as damages for the breach of the contract, plus the costs and attorney's fees.

The defendant then moved to be relieved from the effect of this judgment because it had been rendered by the court without jurisdiction and inadvertently, basing his motion on section 140 of the Code of Civil Procedure.

The lower court overruled the motion and the defendant appealed.

The appellant contends that the lower court had no juris-

diction, because, there being no cause of action on the matter of the rescission of the contract, the complaint is reduced to an action for the collection of $250, which amount should be sued for in the municipal court, it only having jurisdiction of the subject matter.

Independently of the amount of damages claimed, it can not be denied that the action was for the rescission of a contract involving $5,000, and the judgment had to decide that point whatever its effects might have been, and that fact alone is sufficient to give the district court jurisdiction.

For the reasons hereinbefore given the ruling appealed from should be affirmed.